Filed 10/14/24  P. v. Lewis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DERRICE TRAY LEWIS,<br><br>        Defendant and Appellant. | A168606<br><br>(Napa County<br>Super. Ct. No. CR142480) |

Derrice Tray Lewis appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.  He contends the trial court erred in denying the petition based on the preliminary hearing transcript, without issuing an order to show cause.  The People agree that the trial court erred.  We also agree and remand the case to the trial court to issue an order to show cause and hold an evidentiary hearing.

## BACKGROUND

### I.

### *The Original Case*

Lewis and codefendant Donovan Pierre were charged in 2008 with murder (Pen. Code,[1] § 187, subd. (a)) and second degree robbery (§ 211) and

---

[1]  Further statutory references will be to the Penal Code except as otherwise specified.

1

held to answer after a preliminary hearing.  Evidence at the preliminary hearing showed that Lewis and Pierre planned to commit a robbery to get money to get Lewis's sister out of jail.  Lewis confronted the victim and threw him to the ground, and both Lewis and Pierre kicked and punched him.  Lewis took money, a cell phone and marijuana from the victim.  The victim died from blunt force injury to his head, the cumulative effect of multiple blows.

An information filed on March 13, 2009, charged Lewis and Pierre with one count of murder (§ 187, subd. (a)), alleged to have been personally committed with intent to inflict great bodily injury (§ 1203.075), and one count of second degree robbery (§ 211).  It was alleged that Lewis was over 14 years of age (Welf. & Inst. Code, § 602, subd. (b)) and that a special circumstance applied.  (§ 190.2.)

On September 15, 2009, Lewis pleaded no contest to first degree murder, with an agreed sentence of 25 years to life, and admitted he was 16 years old at the time of the offense, in exchange for dismissal of the robbery count and great bodily injury enhancement.  Based on the preliminary hearing, the trial court found a factual basis that the murder was committed in the course of a robbery.  On October 20, 2009, the court sentenced Lewis in accordance with the plea agreement.

## II.

### *Resentencing Proceedings*

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who

2

acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Lewis* (2020) 11 Cal.5th 952, 959 (*Lewis*).)  Pursuant to section 1172.6 (formerly section 1170.95), persons convicted of murder prior to these amendments may seek relief in the trial court if they could not be convicted of murder under the current murder statutes.  (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.)

On December 28, 2022, Lewis filed a pro per petition for resentencing pursuant to section 1172.6, alleging, as relevant, that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime; he accepted a plea offer in lieu of a trial at which he could have been convicted of murder; and he could not presently be convicted of murder because of changes made to sections 188 and 189.  An accompanying declaration argued the evidence was insufficient to support his conviction, there was no evidence the fatal blow was delivered by him, rather than his older, taller and bigger codefendant, and the court should "forestall a claim of ineffective assistance of counsel . . . for counsel persuading [Lewis] to plead guilty to first degree murder."  Lewis requested that the court appoint counsel to represent him, and the court did so.

The People's reply argued that Lewis failed to make a prima facie showing that he could not be convicted of murder under current law because he did not allege facts so demonstrating and the arguments he presented were not relevant to the issue.  The People further argued that Lewis *could* be convicted under present law because the facts demonstrated that he acted with implied malice, as required under section 188, and that he was a major participant in the robbery and acted with reckless indifference to human life,

3

as required under section 189.  The People's response attached a copy of the preliminary hearing transcript.

At a hearing on August 18, 2023, after reading aloud a number of excerpts of testimony from the preliminary hearing transcript, the trial court concluded Lewis failed to make a prima facie showing of eligibility for relief. The court explained that Lewis "very well could have been convicted of First or Second Degree Murder" and "there may well be a finding that he was a major participant in the underlying felony and acted with reckless indifference to human life."  The court denied Lewis's petition.

Lewis filed a timely notice of appeal.

## DISCUSSION

The process for seeking retroactive relief under section 1172.6 "begins with the filing of a petition containing a declaration that all requirements for eligibility are met (*id.*, subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019 . . . .' " (*People v. Strong* (2022) 13 Cal.5th 698, 708, quoting section 1172.6, subd. (a)(3).)  The trial court "must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'  (§ 1172.6, subd. (c); [citations].)  If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.  (See § 1172.6, subd. (c); *Lewis*, [*supra*, 11 Cal. 5th] at pp. 970-972.)  If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' " (*Strong,* at p. 708, quoting § 1172.6, subd. (c).)

"If there has been 'a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major

4

participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' ([§ 1172.6], subd. (d)(2).) Additionally, the parties may stipulate that the petitioner is eligible for resentencing. (*Ibid*.) Otherwise, the court must hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437. (§ 1172.6, subd. (d)(3).) 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (*Ibid*.) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' (*Ibid*.)" (*Strong, supra,* 13 Cal.5th at pp. 708-709.)

The trial court may rely on the record of conviction in determining whether a prima facie showing has been made. (*Lewis, supra,* 11 Cal.5th at p. 970.) The record of conviction may include the preliminary hearing transcript. (*People v. Reed* (1996) 13 Cal.4th 217, 223.) But the prima facie inquiry is "limited": " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1)).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456.) 'However, if the record, including the court's own documents, "contain[s] facts refuting the

allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' (*Drayton*, at p. 979, quoting *Serrano*, at p. 456.)" (*Lewis,* at p. 971.)

Lewis was charged with murder committed "unlawfully, and with malice aforethought." This is a "generic charge permitting the prosecution to proceed on *any* theory of murder," including felony murder or the natural and probable consequences doctrine. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234; *People v. Flores* (2022) 76 Cal.App.5th 974, 987; *People v. Contreras* (2013) 58 Cal.4th 123, 147 [information need not specify theory of murder on which prosecution relies at trial].) In pleading no contest to first degree murder, Lewis did not admit or stipulate to any specific facts or theory of murder. While the trial court found a factual basis for Lewis's plea, and "that this murder was committed in the course of a robbery," based on the preliminary hearing transcript, Lewis did not stipulate to the facts presented at the preliminary hearing or otherwise admit the truth of that evidence.

The question whether a trial court engaged in impermissible fact finding by relying on the preliminary hearing transcript to deny a section 1172.6 petition at the prima facie stage is currently pending before the California Supreme Court. (*People v. Patton,* review granted June 28, 2023, S279670.) The Court of Appeal in *Patton* held the preliminary hearing transcript irrefutably established the defendant was convicted as the actual perpetrator of an attempted murder because uncontroverted evidence showed the defendant was the sole shooter. (*People v. Patton* (2023) 89 Cal.App.5th 649, 657-658.) Other cases have reached similar conclusions. (E.g., *People v. Mares* (2024) 99 Cal.App.5th 1158, 1161, review granted May 1, 2024, S284232; *People v. Pickett* (2023) 93 Cal.App.5th 982, 990, review granted Oct. 11, 2023, S281643.)

6

In other cases, courts have concluded that trial courts engaged in impermissible factfinding by denying a section 1172.6 petition at the prima facie stage based on preliminary hearing testimony when the defendant did not admit facts *conclusively* refuting eligibility for resentencing and the record did not otherwise *definitively* establish ineligibility. (E.g., *People v. Estrada* (2024) 101 Cal.App.5th 328, 340; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481-482; *People v. Flores, supra,* 76 Cal.App.5th at pp. 991-992; *People v. Rivera, supra,* 62 Cal.App.5th at pp. 234-235, 239.) We agree with these cases. The trial court in the present case relied on preliminary hearing testimony that supported a finding he could be convicted under present law, but Lewis never admitted the truth of that evidence. As the People concede, to conclude based on the preliminary hearing evidence, "even if uncontroverted, that [Lewis] could still be convicted of murder under current law, the trial court would have to make . . . factual findings/credibility determinations." Since Lewis's allegation that he could not currently be convicted of a homicide offense was not refuted by the record conclusively establishing every element of the offense, the trial court was required to accept the allegation as true (*People v. Curiel* (2023) 15 Cal.5th 433, 463; *Strong, supra,* 13 Cal.5th at p. 708) and erred in finding him ineligible for relief as a matter of law.

## DISPOSITION

The order denying Lewis's section 1172.6 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and hold an evidentiary hearing on Lewis's petition.

7

 

                                                      _____

                                                      STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*People v. Lewis* (A168606)

8